

FILED
CLERK, U.S. DISTRICT COURT

FEB 1 4 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

1  G. Thomas Martin, III (SBN 218456)
   **PRICE LAW GROUP, APC**
2  15760 Ventura Blvd., Suite 1100
   Encino, CA 91436
3  Direct Dial: (818) 907-2030
   Fax: (818) 205-3730
4  tom@plglawfirm.com

5  Attorneys for Plaintiff,
6  ALBERTO SPARKS

7

8                **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10                                    Case No.:  **CV14-01157- GW(FFMx)**

11 ALBERTO SPARKS,

12          Plaintiff,            **COMPLAINT AND DEMAND FOR
                                  JURY TRIAL**
13      vs.
                                  **(Unlawful Debt Collection Practices)**
14
   DISCOVER BANK; TRANS UNION,   **Unlimited Civil Jurisdiction**
15 LLC; EQUIFAX INFORMATION
   SERVICES, LLC; EXPERIAN
16 INFORMATION SOLUTIONS, INC.;
   and DOES 1 to 10, inclusive,
17
            Defendants.
18

19

20       Plaintiff Alberto Sparks ("Plaintiff"), by and through his attorney,

21 alleges the following against Defendants:

22

23                        **INTRODUCTION**

24 1. Plaintiff brings this action for damages based upon Defendants' violations

25      of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

26

27

28

---

- 1 -

COMPLAINT FOR DAMAGES

## **VENUE AND JURISDICTION**

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1681(p), which states that such actions may be brought and heard before "any appropriate United States district court, without regard to the amount in controversy." The Court has jurisdiction over the state law claims pursuant to 15 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the events described in this complaint took place within this district.

## **PARTIES**

4. Plaintiff, Alberto Sparks, is a natural person who resides in the city of Lakewood, county of Los Angeles, California. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681(a).

5. Defendant Discover Bank is a corporation with its principal offices located at 12 Reads Way, New Castle, Delaware 19720.

6. Discover is a direct banking and financial institution. Defendant Discover is an entity which engages in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b), and other sections of the FCRA. Defendant Discover is a

COMPLAINT FOR DAMAGES

"person" as defined by 15 U.S.C. § 1681a(b), and a "reseller" as defined by 15 U.S.C. § 1681a(u).

7. Defendant, Trans Union, LLC (hereinafter "Trans Union"), is a national corporation with its principal place of business located at 555 West Adams St., Chicago, Illinois.  At all relevant times herein, Defendant, Trans Union, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

8. Defendant, Experian Information Solutions, Inc. (hereinafter "Experian"), is a national corporation with its principal place of business located at 475 Anton Blvd., Costa Mesa, California, 92626.  At all relevant times herein, Defendant, Experian, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the

COMPLAINT FOR DAMAGES

purpose of furnishing consumer reports to third parties, and used some

mean or facility of interstate commerce for the purpose of preparing or

furnishing consumer reports, and is therefore a "consumer reporting

agency" as defined by 15 U.S.C. § 1681a(f).

9. Defendant, Equifax, LLC (hereinafter "Equifax"), is a national

corporation with its principal place of business located at 1550

Peachtree St. NW, Atlanta, Georgia, 30309.  At all relevant times

herein, Defendant, Equifax, was an entity which, for monetary fees,

dues, or on a cooperative nonprofit basis, regularly engaged in whole or

in part in the practice of assembling or evaluating consumer credit

information or other consumer information for the purpose of furnishing

consumer reports to third parties, and used some mean or facility of

interstate commerce for the purpose of preparing or furnishing

consumer reports, and is therefore a "consumer reporting agency" as

defined by 15 U.S.C. § 1681a(f).

10. Defendants acted through their agents, employees, officers, members,

directors, heirs, successors, assigns, principals, trustees, sureties,

subrogees, representatives and insurers.

11.   Plaintiff is informed and believes and on that basis alleges that

Defendants are responsible for the acts, occurrences and transactions as

COMPLAINT FOR DAMAGES

officers, directors or managing agents of Defendant, or as its agents,

servants, employees, and that each of them are legally liable to

Plaintiff, as set forth below.

12.  The true names and capacities, whether individual, corporate, or in any

other form, of Defendants DOES 1 through 10, inclusive, and each of

them, are unknown to Plaintiff, who therefore sues them by such

fictitious names.  Plaintiff will seek leave to amend this Complaint to

show the true names and capacities of DOES 1 through 10 should they

be discovered.

## **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

13.  Plaintiff who is not a minor alleges that the following events and

actions taken by Defendants occurred within the past two years.

14.  On or about April 2008, Plaintiff obtained a personal loan from

Discover, with the associated account number ending in 65918.

15.  Plaintiff subsequently defaulted on his obligation to Defendant, and

Defendant brought suit for money damages in the Superior Court of

California, County of Los Angeles, Case No. 09C03372.

16.  Plaintiff subsequently retained the services of a company to assist

Plaintiff with negotiating a settlement with Defendant Discover.

COMPLAINT FOR DAMAGES

17. Plaintiff and Defendant Discover thereafter entered into a settlement agreement on or about June 21, 2012, whereby Plaintiff agreed to pay Defendant a sum of $11,913.31.  A first payment of $9,453.31 was due on or before June 21, 2012, with three consecutive payments of $820.00 due on the twenty-first of each month, commencing July 21, 2012 through September 21, 2012.

18. Plaintiff tendered the agreed-upon payments in a timely manner per the terms of the agreement, and the judgment was considered as satisfied in full and Plaintiff was released of any further liability on the account.

19. On or about May 2013, Plaintiff obtained a copy of his credit report, and discovered that Defendant was continuing to report a balance due, despite the settlement and satisfaction of Defendant's claim.

20. On or about May 2013, Plaintiff hired counsel and formally disputed the negative, inaccurate information with all three Credit Reporting Agencies ("CRAs").

21. Plaintiff sent the three national credit reporting agencies (Equifax, Experian & Trans Union) dispute letters, requesting that Discover report the trade line accurately with no balance owed.  Upon receipt of the letters, the three credit reporting agencies each sent an automatic

COMPLAINT FOR DAMAGES

customer dispute verification form informing defendant Discover that

Plaintiff was disputing its reporting of the status of the account.

22.    On or about June 2013, Plaintiff received the results of investigation

from Equifax, Experian, and Trans Union, with no changes being

made.

23.    Upon information and belief, Plaintiff again disputed the inaccuracy

with the three CRAs on or about July 2013.  Discover continued to

report a balance owed in the amount of $17,911.00, and reported the

status as a charged off account, with no reference to the settlement.

24.    Despite Plaintiff's exhaustive efforts to date to remove the erroneous

information, Discover has nonetheless repeatedly, deliberately,

willfully, intentionally, recklessly, and negligently failed to perform

reasonable investigations of the above disputes as required by the

FCRA, has failed to remove the inaccurate information, has failed to

include accurate information, has failed to report on the results of the

reinvestigations and has continued to report the derogatory

information about Plaintiff.

25.    As a result of Defendants' conduct, Plaintiff has suffered actual

damages and serious financial and pecuniary harm arising from

monetary losses related to credit denials, loss of use of funds, loss of

COMPLAINT FOR DAMAGES

credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone charges, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

26.   As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

27.   As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

28.   As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit file, preventing him from being able to obtain credit.

\ \ \

\ \ \

\ \ \

COMPLAINT FOR DAMAGES

## COUNT I – FIRST CLAIM FOR RELIEF

### DEFENDANT DISCOVER VIOLATED

### FAIR CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681 *et seq.*

29.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30.   The FCRA requires a furnisher such as Discover, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

31.   Within the last two years, defendant Discover provided inaccurate information to the credit reporting agencies.

32.   Within the past two years, Plaintiff notified Experian, Equifax, and Trans Union that their reports concerning Discover were inaccurate. Thereafter, the credit reporting agencies notified Discover that

COMPLAINT FOR DAMAGES

Plaintiff was disputing the information it had furnished to the credit reporting agencies.

33.   Discover violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. 1681 §s-2(b);

    a.  willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    b.  willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Discover;

    c.  willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

    d.  willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    e.  willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all the credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    f.  willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to the credit reporting agencies;

g. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff's account to the credit reporting agencies; and

h. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

34. In attempting to collect the aforementioned alleged debt, the Defendant, by and through its agents and employees, violated the provisions of the Fair Credit Reporting Act by furnishing information about Plaintiff to one or more consumer reporting agency although Defendant knew, or consciously avoided knowing, that the information was inaccurate; to wit, Defendant improperly reported the account as past due with a balance owing despite the settlement.

35. Discover's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

COMPLAINT FOR DAMAGES

## COUNT II – SECOND CLAIM FOR RELIEF

### DEFENDANT DISCOVER VIOLATED

### CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

### (CCCRA), California Civil Code §§1785.25(a)

36.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37.   California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

38.   California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

39.   California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it

provides a notice to the consumer reporting agency that the information is disputed by the consumer.

40.    Defendant Discover negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

41.    Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## COUNT III – THIRD CLAIM FOR RELIEF

## DEFENDANTS EQUIFAX, EXPERIAN, TRANS UNION VIOLATED

## FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681, *et seq.*

42.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

43.    The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the

disputed information is inaccurate, or delete the item from the file

within thirty (30) days of receiving the consumer's dispute notice. 15

U.S.C. § 1681i(a)(l)(A).

44.    The Act further requires the credit reporting agency, within 5

business days of receiving notice of the consumer's dispute, to provide

notification of the dispute to the person who furnished the information

in dispute and requires the credit reporting agency to "include all

relevant information regarding the dispute that the agency received

from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its

reinvestigation of disputed information in a consumer report, the credit

reporting agency is required to "review and consider all relevant

information submitted by the consumer."

45.    Within the two years preceding the filing of this complaint, Plaintiff

notified the defendant credit reporting agencies of an inaccuracy

contained in the reports and asked them to correct the inaccuracy.

46.    The defendant credit reporting agencies failed to conduct a

reasonable reinvestigation of the inaccuracy that Plaintiff disputed.

47.    The defendant credit reporting agencies failed to review and consider

all relevant information submitted by Plaintiff.

COMPLAINT FOR DAMAGES

48.   The defendant credit reporting agencies failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information, and file, in violation of 15 U.S.C. § 1681e(b).

49.   As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff has sustained damages.

50.   The defendant credit reporting agencies' violations of the FCRA were willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

a) Actual damages;

b) Statutory damages;

c) Punitive damages;

d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

e) Any other relief that this court deems to be just and proper.

\ \ \

\ \ \

\ \ \

- 15 -

COMPLAINT FOR DAMAGES

RESPECTFULLY SUBMITTED,

DATED:  February 13, 2014          **PRICE LAW GROUP APC**

By: _____
                                    G. Thomas Martin, III
                                    Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ALBERTO SPARKS, demands trial by jury in this action.

- 16 -

COMPLAINT FOR DAMAGES

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| ALBERTO SPARKS | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| DISCOVER BANK; TRANS UNION, LLC; EQUIFAX | ) |
| INFORMATION SERVICES, LLC; EXPERIAN | ) **CV14-01157-GW(FFMx)** |
| INFORMATION SOLUTIONS, INC. and DOES 1-10, | ) |
| inclusive | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: G. Thomas Martin, III (SBN 218456)
PRICE LAW GROUP, APC
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Telephone: (818) 907-2030

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 2/14/2014 _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

ALBERTO SPARKS

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

DISCOVER BANK; TRANS UNION, LLC; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and DOES 1-10, inclusive,

**(b)** County of Residence of First Listed Plaintiff   Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   New Castle, DE
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
PRICE LAW GROUP, APC
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Telephone: (818) 907-2030

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:   CV14-01157

CV-71 (11/13)                    CIVIL COVER SHEET                    Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles | Western |
| If "no," go to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
|  | ☐ Orange | Southern |
|  | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes  ☒ No | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. |  |
| If "no," go to Question C.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
|  | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
|  | ☐ Orange | ☐ Orange | Southern |
|  | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
|  | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1.** Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2.** Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____  DATE: 2/13/14

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |